# LUKE FLANIGAN

*v.*

# JEFFERSON CRULL.

1. PARTIES—*who may sue for the price of goods sold at auction.* An auctioneer can maintain a suit in his own name for goods sold and delivered by him, because he has the possession of the goods and a lien upon them for his charges.

2. So, where A, being a member of a club of twenty-three persons who bought each a ticket in a New York lottery scheme, with an agreement to share equally whatever might be drawn, received a sewing machine drawn by the club, paying the charges for freight, and upon authority of a majority of the ticket holders, sold the machine at auction, it was *held,* that A could maintain an action in his own name for the price of the machine. Having the possession, and a lien on the machine for the freight paid by him, his position was the same as that of any auctioneer who sells and delivers goods by authority of the owner.

APPEAL from the Circuit Court of Calhoun county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Mr. D. M. WOODSON and Mr. HENRY CASE, for the appellant.

Mr. N. M. KNAPP and Mr. W. C. WILKINSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This record presents the following facts: The appellee was one of a voluntary association of twenty-three persons, who bought each a ticket in a New York lottery scheme, with an agreement to share equally whatever might be drawn. Appellant's wife was also a ticket holder. Appellee was informed by letter from New York that a sewing machine

had been drawn, and he replied, directing it to be forwarded to him. This was done, and he received it and took it to his house, paying the charges for freight. A .majority of the ticket holders then agreed the machine might be sold at auction, at a certain pic-nic to be held in the neighborhood, and accordingly appellee took the machine to the pic-nic and sold it to the highest bidder, who was the wife of appellant, for fifty-one dollars, and delivered it to her. The plaintiff testified the appellant afterwards promised to pay him the amount of the bid. The court instructed the jury, if they believed the parties interested in the machine authorized the plaintiff to sell it, and the wife of defendant bought it by his consent and with his sanction, and the machine was delivered, that the plaintiff could maintain a suit for the price in his own name. The jury found for the plaintiff.

The only reason given why the judgment should be reversed is, that the suit should have been brought in the name of all the ticket holders. It would have been impossible to bring an action at law in the name of all of them, as the wife of appellant was herself a ticket holder, and she could not have joined in a suit against her husband. But the suit was properly brought in the name of the plaintiff. It is well settled that an auctioneer can bring a suit in his own name for goods sold and delivered by him, because he has the possession of the goods and a lien upon them for his charges. Here Crull had possession and a lien on the machine for the freight paid by him, and he sold by the authority of the parties interested. His position is the same as that of any auctioneer who sells and delivers goods by authority of the owner. The ticket holders, having authorized him to make this sale, as their agent or trustee, authorized him also to receive the purchase money, and when the defendant has satisfied this judgment, he can not be made liable to the ticket holders in a second suit, nor can he set up their equitable interests in the proceeds of the sale as a defense against this plaintiff.

*Judgment affirmed.*